May it please the Court, I'd like to reserve two minutes for rebuttal. Yes, well, appellants, it can save time, but we are not going to watch the time for you. Thank you. Of course. To begin, I will address the issue for which the Court ordered a supplemental briefing, that is whether Duenas-Alvarez's realistic probability standard has been satisfied with respect to Mr. Parnell's Massachusetts armed robbery conviction. Assuming that Duenas-Alvarez applies to the instant case, it is met here because the state statute's greater breadth is evident from its text. In Massachusetts armed robbery, it can be boiled down to its essential elements, which is larceny from a person plus force, as defined by Massachusetts case law, and I will discuss that in a moment, plus being armed, again, as defined by Massachusetts case law. As the Court noted in its order for supplemental briefing, that under Massachusetts case law, the degree of force is immaterial as long as it is sufficient to obtain the victim's property against his will. In that case, that was a quote by Joiner, but Joiner relied, in fact quoted, the seminal case, which is Commonwealth v. Jones. In Jones, the degree, the Court held the degree of force necessary that makes the victim aware that her purse is being snatched is sufficient force to satisfy the force element, which obviously runs afoul of Johnson 1, which held that the required force is violent force that is capable of causing physical pain or injury to another person. Moreover, the armed element does not satisfy the force clause because Massachusetts does not require actual use of the weapon. In Commonwealth v. Goldman, the Court made clear that it's the possession of the weapon, not the use of the weapon, that is the essential element of armed robbery. And this case is very similar to the United States v. Wuerl case that we cited and submitted on our second 28J letter. In that case, the Washington riot statute's armed element, the Court held, could be satisfied by simply having a knife in one's pocket. In Wuerl, the Court found that given the case law interpreting the state statute, that its greater breadth was evident from its text, and thus the appellant need not point to an actual case applying the statute of conviction in a non-generic manner. Now, even if this... Yes, Your Honor. The armed robbery statute is section what? The armed robbery is section 17, correct? No, it's 18. Go ahead. So even if this Court disagrees that the state statute over-inclusiveness is evident from its text, the Goldman case satisfies Duenas-Alvarez's point to a case requirement. In Goldman, the Court recognized that the robbery was complete upon the purse snatching, and the victim was not aware of the defendant's firearm. It held that that was still an armed robbery. Lastly, Duenas-Alvarez does not apply because this is a force clause issue, not an enumerated clause issue. As the Fourth Circuit noted in United States v. Torres-Miguel, by its own terms, Duenas-Alvarez applies only to determinations of whether a state statute creates a crime outside the generic definition of a listed crime, not to every possible state predicate. Here, the armed robbery is obviously not one of the listed crimes that's in the enumerated clause. Expanding Duenas-Alvarez also presents, the Duenas-Alvarez probability test also presents problems because post Johnson 2, in Johnson 2, as the Court is well aware, it overruled the James case, the ordinary case approach that was in James. The Supreme Court held that it was unconstitutionally vague, and James may express reference to Duenas-Alvarez. In United States v. Spencer, this Court stated that the tests were effectively indistinguishable. The method of determining whether the offense is a crime of violence has been characterized by this Court as straightforward. You're supposed to examine the elements of the conviction, and if they contain the use of force, threatened use of force, or the- I have to listen to you because you're reading, and it's really difficult to follow. I apologize, Your Honor. So, what I was- Rule one of oral argument. Rule- I keep trying to focus in, and I realize I'm not getting it. What I was saying is, Your Honor, with apologies, that in this Court, in that, that when you-when the standard has been considered fairly straightforward in determining whether something is a-satisfies the force element, either you look at the elements, and if it has the use, the attempted use, or the threatened use of force, then it's a crime of violence. Otherwise, it's not. It's a question of what's force. I mean, this statute, in terms, does have that element, but the question is what's force. That is correct, Your Honor. So, in this case, it is fairly well defined by Jones that the force, and has been repeated for 40 years, that the force that we're talking about is the amount of force that creates in a person at some situation awareness. And I believe that even government's brief, a supplemental briefing- So, the short version, as I understand it, is that under Massachusetts law for armed robbery, the kind of force that's involved could be purse snatching, and there are cases to that effect. As long as it's enough force that you, that it takes the purse away, and that that is not enough under federal law to be force. That's correct. And that the armed is part of it doesn't help because the gun could be in your pocket. That's correct. And I would add, though, that it's, to be clear, that it's not the amount of force just to remove a purse, like it has to be, but actually just creates awareness. In Jones, the victim in that case says, well, I was, it was just enough for me to be aware that it was gone. Not that there was some kind of tugging or pulling. I mean, that's the minimal force that was required in Jones, which obviously does not comport with Johnson 1. Next, I would like to briefly discuss Franks. In U.S. v. Tanguay, the court held that the whole sometimes can exceed the sum of its parts and that the appropriate test focused on the totality of the circumstances. And this court made a very similar statement. Yes, this is the Franks issue, Your Honor. And the point being is, is, Your Honor, is that the district court found that these individual broke down the actual statements of Mr. Hanson and he ruled on them as to whether or not they were material or not. Now, we would contend, Your Honor, that individually, when a person is lying, that that satisfies the, that it satisfies materiality. But at a minimum, if you put all of the statements together, they cumulatively, they certainly demonstrate that the omissions were material. In fact, Detective Maughan, the interviewing officer, agreed that Mr. Hanson, and I'm quoting, was a lying, racist, drug addict with mental illness who doesn't pay his bills, who would throw his mother under the bus to save himself. That's what the interviewing agent in the evidentiary hearing agreed with me in his synopsis of Mr. Hanson. And then as for Ms. Sawyer, I see that my time is running out, but as for Ms. Sawyer, I think the most important thing she was the only. Isn't the most single most important thing about what they said is that they both said essentially the same thing about their client, even though they had nothing to do with each other? Your Honor, respectfully, that this is not like a Venn diagram, where you have two incredible people and they happen to have, they happen to overlap in one very, in one area. So you have one incredible person stating something and one incredible person saying another thing, and they happen to say the same thing. But we would respectfully submit that zero plus zero still equals zero, and that one incredible person cannot corroborate another incredible person. And if there are no questions, I'd like to reserve the rest of my time. Thank you. Thank you. May it please the Court, my name is Josh Berwick. I represent the United States. Let me start with the Franks issue, because I think Your Honor asked this. Let me start with the other issue. Okay. As I gather it's not just positive, but it's just positive. All right, let's start with the Franks issue. They're independent in the sense that one goes to the motion to suppress and one goes to the sentence. That's correct, Your Honor. And I can do the Franks issue briefly, I think. I think Your Honor hit the nail on the head where you have two independent informants. They didn't know each other. They were contacted by police at different times for different reasons. They both gave the police probable cause of methamphetamine use at the defendant's residence. And the issue here isn't whether there was, well, I guess it's whether there was probable cause in the sense of whether if everything that he says should have been put in was put in, there still would have been probable cause. I guess that's your ultimate point. That is the ultimate conclusion, Your Honor. Even if we accept over the district court's findings that these informants had all of the problems that the defendants had raised, each one of them still pointed to criminal activity at the defendant's residence for independent reasons. And that provides probable cause even if the court was to add every alleged omission in this case. Now, turning to the armed robbery issue, I think that the defendant has just misread Jones. In the analysis here in the Massachusetts Supreme Court case, Your Honor, and Johnson is the United States Supreme Court case that lays out what violent force means under the federal statute. In Jones, the Massachusetts case, what the court said was armed, well, actually it was a case of robbery, but the force element in robbery and armed robbery under Massachusetts law is the same. And what the Massachusetts Supreme Court said in Jones is that force means force and violence or assault and putting in fear. Both of those formulations match the definition and the formulation of violent force that the Supreme Court set forth in Johnson for purposes of the Armed Career Criminal Act. This is because both formulations from the Jones case involve bodily injury or the threat of bodily injury or pain. I don't really understand. We know that the language is parallel, but the question is what does it mean in Massachusetts? And Jones does say that the snatching or sudden taking, so long as the victim is aware of the application, of course, which leaves him as a property, the crime is to some degree against his will. So more is involved in the stealthy taking where he has no present realization. Essentially, so I understand it means enough force to pull a purse out of your arm. In fact, they were, just to put it in context, they were rejecting the stronger. I'm sorry, Your Honor. They were rejecting the more forceful, excuse me, yeah, the more forceful. They were adopting the Kentucky rule. That's correct. Snatching without more involves the requisite element. You're right, Your Honor. But how are they misreading it? Your Honor, because the force involved in a purse snatch to the Massachusetts Supreme Court was still violent force. How? Because it made the victim aware and it impliedly indicated a willingness to use violence, and that's language from the Jones case. So what the Massachusetts court was saying is, yes, this is sort of a borderline case where there was no injury. We know there was no injury. But the question remains, was that purse snatch enough violent force? And the court said it was because the robber used enough force to make the victim aware and by doing so showed a willingness to use violence. What are you relying on? I'm looking at the Jones case. I'm trying to find where it steps up the force and the level of violence as defined by Jones. Your Honor, before the discussion of the facts in that case, the court started with a legal discussion of the differences between larceny and robbery, and that's where the language regarding force and violence is contained. I'm looking at what they say about snatching. Snatching necessarily involves the exercise of some actual force. Even if it's actual force sufficient to produce awareness, although the action may be so swift as to leave the victim momentarily in a dazed condition, the requisite degree of force is present to make the crime of robbery. That does not track with violent force as defined by the Supreme Court. Your Honor, I think it does track violent force. Your Honor, where is that language you've been quoting about violence? What I see is before the discussion of the Kentucky rule is a sentence that says whether actual or constructive force is employed, the degree of force is immaterial so long as it is sufficient to obtain the victim's property against his will. Your Honor, may I have a moment just to grab my case file? I can make a motion. I have no idea how to base that case, or base it on the case. Your Honor, try an act that is smaller. So, Your Honor, I'm looking right above star page 89 in my Westlaw case printout. In which? In Jones? In Jones. In Jones, correct, Your Honor. Try it for what? Star page 89. So the New England Reporter would be at page 844. And this is where the court is talking about the Kentucky rule which they adopt. It says, we prefer the Kentucky rule on purse snatching, the majority jurisdiction rule, and looking to whether or not the victim resists, we think, wrongly emphasizes the victim's opportunity to defend himself over the willingness of the purse snatcher to use violence if necessary. So that's the language that I think indicates that the Massachusetts court is saying, even if there's a snatch and there's no injury or no pain, doing that is sufficient violence for us because it indicates a willingness to use violence if necessary. And let's step back and think about a situation of a purse snatch. The assailant is grabbing the purse and indicating at the same time, I'm going to take this purse whether you resist or not. Not necessarily. They may just make a swipe. See what happens. They may have no armaments whatsoever and they grab it and run. And in that case, nothing to suggest that if the person turned and looked them in the eye, that they would proceed ahead. In any way, they go on. You're seizing upon a sentence, a fragment of a sentence. I think we have to look at what they say about describing purse snatching. They're taking a general statement where they're adopting the contextual rule, and that's fine. You have to look at all words of the opinion, but the operative words of what they're saying about purse snatching later on in the opinion. And, Your Honor, what they say about purse snatching later on in the opinion is that it doesn't do you any good. I'm sorry? It does what I was reading. And, Your Honor, I think pointed out this language before. What the Court says in discussing purse snatching later in the opinion is that it involves the requisite degree of force. And I think we need to go back to how Massachusetts defined force at the beginning of the opinion, which is to say that force means force and violence or assault and being put in fear. And then it's like words. Those are words that the Supreme Court has given content to the term violence, and so that's where we have to look at it. Correct. And the words are what the categorical approach depends on how the elements match from the state predicate to the federal generic definition. And I'd refer to page 843 of the Jones opinion where the elements do match. You have force and violence and assault and putting in fear. And that's where we started. The question is what kind of violence and force are we talking about? Correct. And to the Massachusetts Court, Your Honor, it's sufficient for us to cause fear and injury, even in the purse snatching case, which isn't the typical situation that might involve injury. But the Massachusetts Court was saying that is enough, given that the act indicates a willingness to use violence and that it creates an awareness by the victim. And I see that my time has expired, so if there's no other questions, I press. Thank you. Thank you. With all due respect to the Governance Council, the Jones case is fairly specific. In that case, it held, and I'm reading from it, it says, the victim, I really. . . I read it. I'm just writing to you, so. . . Yes. But with respect to what the victim actually said, is I really couldn't tell what he did. All I knew, he was standing there. Next thing I knew, I felt something off my arm. I realized that my bag was gone. So if the court, if we're supposed to look at the least egregious enemy state of the state statute's of conduct, this is how Massachusetts defines its violence for armed robbery. The court went on to say, in any event, this spring testified she was petrified and I was scared to death whether her fear aided the defendant in effecting the taking or merely arose afterwards, as the defendant argues with the question of the jury. Well, you can't just take the comments out of context. That's agreed. Thank you. Thank you very much. Thank you. The case of the United States v. Barnell is submitted. We'll go on to United States v. Barnes.
judges: Fisher, Berzon, Watford